IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **B.S. INGERSOLL, LLC,**<br>A PENNSYLVANIA LIMITED LIABILITY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>**GREAT AMERICAN INSURANCE COMPANY,**<br>AN OHIO CORPORATION,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: Civ No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

B.S. Ingersoll, LLC ("Ingersoll" or the "Plaintiff") by and through its undersigned counsel, Obermayer Rebmann Maxwell and Hippel LLP, hereby files this Complaint seeking a declaration that Defendant Great American Insurance Company ("GAIC" or "Defendant") is obligated to pay under the terms of that certain Lease Bond Number 3018734 (the "Lease Bond") securing that certain lease by and between Ingersoll and Medici 1150 N. American Street LLC ("Medici") and related relief. In support whereof, Ingersoll states as follows:

### PARTIES

1. Plaintiff is a Pennsylvania Limited Liability Company with an address of 6128 Ridge Avenue, Philadelphia, Pennsylvania 19128.

2. Defendant is, upon knowledge and belief, an Ohio corporation with an address of 301 E. Fourth Street, Cincinnati, Ohio 45202.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the claims asserted herein based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332, because Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is proper in the United States District for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because virtually all of the events and omissions giving rise to the claims alleged herein including, but not limited to, the situs of the leased premises giving rise to the acts complained of herein, are within the City of Philadelphia, Commonwealth of Pennsylvania.

6. The rights of the parties are fixed, and all events giving rise to this dispute have occurred. No future events need to occur between the parties for there to be a justiciable controversy.

7. The dispute is ripe, and a justiciable controversy exists between the parties.

## BACKGROUND

8. On or about November 12, 2018, Plaintiff entered into a lease agreement with Medici (as amended, the "Lease Agreement") for the residential real property located at 1150-1156 North American Street, Philadelphia, PA 19123 (the "Property"). A true and correct copy of the Lease Agreement without exhibits is attached hereto as Exhibit "A" and incorporated herein.

9. On or about May 20, 2020, at the request of Medici, the Lease Agreement was amended (the "Lease Amendment") by consent of Plaintiff and Medici. A true and correct copy of the Lease Amendment is attached hereto as Exhibit "B" and incorporated herein.

10. In connection with the Lease Agreement, Plaintiff invested significant money and other resources in the Property in order to complete construction to meet the specific requirements of Medici and its unique and proprietary co-living platform.

11. On July 16, 2020, pursuant to the Lease Agreement, Medici caused Defendant, as surety, to issue the Lease Bond payable only to Plaintiff, as obligee, under the Lease Bond, in an amount up to Five Hundred Fifty Thousand Dollars ($550,000.00) (the "Coverage Amount"), as a security deposit to insure Medici's performance of each and every obligation under the Lease Agreement. A true and correct copy of the Lease Bond is attached hereto as Exhibit "C" and incorporated herein.

12. Pursuant to the Lease Agreement, upon an event of default by Medici, the Lease Bond is available to Plaintiff for the payment of any amount Plaintiff expended or became obligated to expend, or for the compensation to Plaintiff for any losses incurred by reason of the event of default. See Exhibit A at § 9.2.

13. On or about January 14, 2021, Medici defaulted under the Lease Agreement including, *inter alia*, under Section 20 of the Lease Agreement, by filing a voluntary petition for relief (the "Petition") under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of New York.

14. Medici's default under the Lease Agreement triggered Plaintiff's rights under the Lease Bond.

15. As a result of Medici's default under the Lease Agreement, Plaintiff suffered damages well in excess of the Coverage Amount including, but not limited to, costs of reletting the property , removal of items specifically put in for Medici, outfitting for other tenants,

marketing expenses, change orders totaling in excess of $150,000.00 requested by Medici, and rent due from Medici to Plaintiff.

16. After thorough investigation and in an exercise of his sound business judgment, the Chapter 7 Trustee of the Medici bankruptcy estate determined that he would reject the Lease Agreement because there was no value in the Lease Agreement for the bankruptcy estate, further determined that the bankruptcy estate had no interest in the Lease Bond and consented to Plaintiff collecting on the Lease Bond to recover for damages suffered as a consequence of Medici's breach.

17. On February 11, 2021, Plaintiff timely provided notice to Defendant of Medici's default under the Lease Agreement (the "Notice") in accordance with the terms of the Lease Bond, and made a claim on the Lease Bond. A true and correct copy of the Notice without exhibits is attached hereto as Exhibit "D" and incorporated herein.

18. The Lease Agreement was in full force and effect at the time of Medici's breach and the Notice.

19. The Notice was provided during the period required by the Lease Bond.

20. Despite Plaintiff making numerous demands and providing proof of loss to Defendant for payment on the Lease Bond, Defendant has failed and otherwise refused to meet its obligations under the Lease Bond.

21. All of the events necessary to trigger the Lease Bond have occurred and Defendant is now obligated to perform under the Lease Bond.

22. Defendant's failure to perform under the Lease Bond is improper and a violation and breach of the terms of the Lease Bond.

23. There is no just cause for Defendant's failure to perform under the Lease Bond.

24. Defendant's failure to perform under the Lease Bond has created an actual controversy within the jurisdiction in this Court.

**COUNT I**
**DECLARATORY JUDGMENT**
**28 U.S.C. § 2201**

25. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs as if set forth fully herein and at length.

26. Pursuant to the Lease Agreement and the Lease Bond, Defendant has a duty to perform under the Lease Bond upon a default under the Lease Agreement.

27. Medici defaulted under the Lease Agreement.

28. As a direct result of the default under the Lease Agreement, Plaintiff has suffered damages well in excess of the Coverage Amount.

29. Plaintiff timely provided the Notice to Defendant of Medici's default under the Lease Agreement in accordance with the terms of the Lease Bond, and made a claim for payment on the Lease Bond.

30. The Notice was provided during the period required by the Lease Bond.

31. Plaintiff has made demand on the Defendant for payment under the Lease Bond.

32. Plaintiff has provided proof of loss as a direct result of the default under the Lease Agreement to Defendant in connection with its demand for payment on the Lease Bond.

33. Defendant has failed and otherwise refused to meet its obligations under the Lease Bond.

34. All of the events necessary to trigger payment under the Lease Bond have occurred and Defendant is now obligated to perform under the Lease Bond.

35. Defendant's failure to perform under the Lease Bond is improper and a violation and breach of the terms of the Lease Bond.

36. Defendant's failure to perform under the Lease Bond has created an actual controversy within the jurisdiction in this Court.

37. A judiciable controversy exists as to whether Defendant is obligated to pay under the Lease Bond as a consequence of losses incurred as a consequence of the breach under the Lease Agreement.

38. By this action, Plaintiff seeks a determination by this Court that the Defendant has a duty to pay under the Lease Bond to compensate Plaintiff for losses incurred pursuant to the Lease Bond and Lease Agreement.

WHEREFORE, the Plaintiff respectfully seeks entry of a judgment on Count I of the Complaint in its favor and against Defendant (a) declaring that Defendant has a duty to pay under the Lease Bond to compensate Plaintiff for losses incurred pursuant to the Lease Bond and Lease Agreement, (b) awarding Plaintiff its costs, including reasonable attorneys' fees in connection with the filing of this action, and (c) awarding Plaintiff such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
## BREACH OF CONTRACT

39. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs as if set forth fully herein and at length.

40. As set forth above, pursuant to the Lease Bond, Defendant was obligated to pay the Coverage Amount upon a breach of the Lease Agreement by Medici.

41. The filing of the bankruptcy petition by Medici was a default and/or breach under the Lease Agreement. See Exhibit A at § 9.2.

42. Furthermore, the rejection of the Lease Agreement constituted a breach of the Lease Agreement immediately before the date of the filing of the bankruptcy petition.  11 U.S.C. § 365(g).

43. The damages suffered by Plaintiff as a result of the breach of the Lease Agreement are in excess of the Coverage Amount.

44. Because the Lease Bond serves as a security agreement under the Lease Agreement, Defendant breached its obligations to Plaintiff by failing to pay the Coverage Amount to Plaintiff after receiving timely notice of the breach under the Lease Agreement.

45. As a direct and proximate result Defendant's breach, Plaintiff has been deprived of the benefits of payment under the Lease Bond which it reasonably expected to receive, and is in danger of sustaining substantial damages in the future.

46. Defendant's refusal to pay under the Lease Bond is negligent and without just cause.

47. Defendant's refusal to pay under the Lease Bond is a breach of Defendant's duty of good faith and fair dealing.

48. Defendant's refusal to pay on the Lease Bond is in bad faith.

WHEREFORE, the Plaintiff respectfully seeks entry of a judgment on Count II of the Complaint in its favor and against Defendant (a) for monetary damages in excess of $550,000.00 due and owing because of Defendant's breach of the Lease Bond together with all compensatory and consequential damages, (b) awarding Plaintiff its costs, including reasonable attorneys' fees in connection with the filing of this action, and (c) awarding Plaintiff such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III
## BAD FAITH

49. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs as if set forth fully herein and at length.

50. As set forth above, pursuant to the Lease Bond, Defendant was obligated to pay the Coverage Amount upon a breach of the Lease Agreement by Medici.

51. Defendant had no reasonable basis to refuse to pay under the Lease Bond upon Medici's breach under the Lease Agreement.

52. Defendant knew or recklessly ignored its lack of reasonable basis for refusing to pay under the Lease Bond upon Medici's breach under the Lease Agreement.

53. As set forth above in greater detail, Plaintiff has been and continues to be harmed by Defendant's failure to pay under the Lease Bond.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

WHEREFORE, the Plaintiff respectfully seeks entry of a judgment on Count II of the Complaint in its favor and against Defendant (a) for monetary damages in excess of $550,000.00 due and owing because of Defendant's breach of the Lease Bond together with all compensatory and consequential damages, (b) awarding Plaintiff its costs, including reasonable attorneys' fees in connection with the filing of this action, and (c) awarding Plaintiff such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: March 2, 2022

By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire (PA Bar I.D. 78374)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West – 34th Floor
1500 Market Street
Philadelphia, PA 19102
Phone – (215) 665-3066
E-mail – michael.vagnoni@obermayer.com
Attorneys for B.S. Ingersoll, LLC