IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B.S. INGERSOLL, LLC,<br>A PENNSYLVANIA LIMITED LIABILITY COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>GREAT AMERICAN INSURANCE COMPANY, AN OHIO CORPORATION,<br><br>      Defendant. | Civ No. 2:22-cv-00771 |

## BRIEF IN SUPPORT OF GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

Defendant Great American Insurance Company ("GAIC") submits the following as its Brief in support of its Rule 12(b)(6) motion to dismiss the complaint of Plaintiff B.S. Ingersoll, LLC ("BSI"):

## INTRODUCTION

BSI failed to file suit against GAIC within the suit limitation period of the lease bond that is the subject matter of the Complaint. The Complaint seeks recovery from GAIC, as surety, under the terms of a lease bond that secured the obligations of Medici 1150 N. American Street, LLC ("Medici"), as principal, to pay and perform as required by its lease agreement with BSI, the obligee. (Bond No. 301734, Complaint, Ex. C) (the "Bond").

Paragraph 3 of the Bond provides: "No action, suit or proceeding shall be maintained against the Surety unless such action, suit or proceeding is commenced within three (3) months after the termination of this bond." Paragraph 6 of the Bond provides: "This Bond expires on 7/16/2021."

Plaintiff filed this suit on March 22, 2022, more than 8 months after the suit limitation in the Bond expired. Because Plaintiffs failed to file the suit within the enforceable time limitation of the Bond, its Complaint must be dismissed as untimely.

### Facts Stated in the Complaint

BSI entered into a lease with Medici in November of 2018. (Complaint ¶ 8, Ex A). This lease was amended to extend time because of the pandemic in May of 2020. (Complaint Ex. B). The amendment to the lease required Medici to provide a bond, which it did in July of 2020. The Bond was for a one-year term and expired on July 16, 2021. (Complaint Ex. C).

Medici filed for Chapter 7 relief on January 14, 2021 in the Bankruptcy Court for the Southern District of New York. (Complaint ¶ 13). The bankruptcy filing was an event of default of the lease by Medici. (Complaint ¶ 14). The trustee for Medici rejected the lease and consented to BSI seeking recovery from GAIC. (Complaint ¶ 16). On February 11, 2021, Plaintiff sent to GAIC its notice of a claim against the Bond. (Complaint ¶ 17, Ex. D). Plaintiff gave notice while the Bond was still in effect. (Complaint ¶ 19).

The Bond form and language are prescribed in the First Amendment to the Lease Agreement. (Complaint, Ex. C). The Bond requires that BSI must bring suit within three months after the termination of the Bond. (Complaint, Ex. C). The Bond terminated by its expiration on July 16, 2016. (Complaint, Ex. C). BSI filed suit on March 2, 2022.

## Argument
## (BSI's Suit is Untimely)

BSI fails to explain in the Complaint why it did not file suit as required by the terms of the Bond within three months after termination of the Bond. The facts show BSI had every opportunity to file suit within the time frame stated in the Bond as it gave notice of its claim more than 5 months before the Bond terminated and had three months after the Bond terminated in July of 2021 to bring suit. Based on the express terms of the Bond, the Complaint must be dismissed.

## Pennsylvania Law Applies

Pennsylvania law will apply to the interpretation of the Bond and the lease. The lease states that Pennsylvania law applies. (Complaint Ex. A, p. 39, Sec. 26-10). Moreover, the property that is the subject matter of the lease is located in the City of Philadelphia and the Bond as an obligation to pay under the terms of the lease should be governed by Pennsylvania law.

## Medici's Chapter 7 Case Does Not Affect the Time for Filing Suit

The Complaint references that Medici sought bankruptcy relief and the trustee for Medici rejected the lease. The bankruptcy activity of Medici did not impair BSI's ability to file suit in any way. The Bond is not property of the bankruptcy estate of the principal. *Ohio v. Mansfield Tire & Rubber Co. (In re Mansfield Tire & Rubber Co.),* 660 F.2d 1108, 1115 (6th Cir. 1981); *Bonjour, Gough & Stone v. Pacific Employers Ins. Co. (In re Buna Painting & Drywall Co., Inc.),* 503 F.2d 618, 619 (9th Cir. 1974). A non-debtor co-obligor is not protected by the automatic stay of 11 U.S.C § 362(a). *E.I. du Pont de Nemours & Co. v. Fine Arts Reproduction Co.,* 1995 WL 312505, 93 CIV. 2462 (KMW) (S.D.N.Y. May 22, 1995); *Dental Benefit Management, Inc. v. Capri,* 153 B.R. 26 (Bankr. E.D. Pa. 1992). And, consequently, the bankruptcy proceeding of the principal of a bond does not toll or abate the running of any suit limitation prescribed by an agreement or statute. *Fisher Sand & Gravel Co. v. Western Sur. Co.,* 2009 WL 4099768, CV 09-

727 WPL/RLP (D. N. Mex. October 20, 2009). The bankruptcy proceeding cannot alter or extend the termination date of the Bond. *In re Edwin M. Lipscomb, Inc.,* 90 B.R. 422 (Bankr. W.D. Mo. 1988).[1]

### The Bond Suit Limitation is Enforceable under Pennsylvania Law

Pennsylvania law recognizes that parties may agree to limitations on the time to commence lawsuits that are shorter than specified by statute. 42 P.C.S. § 5501; *Watters v. Fisher,* 139 A. 842 (1927); *General State Authority v. Sutter Corp.,* 403 A. 2d 1022 (Pa. Cmwlth 1979). Pennsylvania courts uphold suit limitations as short as 90 days from the date a cause of action is discovered. *Stuebe v. S.S. Industries, LLC,* 2019 WL 4034768 (E.D. Pa. 2019); *Ferguson v. Man. Cas. Ins. Co.,* 195 A. 661 (Pa. Super. Ct. 1937).[2]

In this case, the lease amendment signed by the parties specified the terms of the Bond. BSI asserted a claim against GAIC's Bond months before its termination and then failed to file suit within the time prescribed in the Bond.

---

[1] BSI cannot claim that the Chapter 7 proceeding of Medici impaired its right to bring a timely claim against the Bond. The Petition Date was January 14, 2021. Medici did nothing to assume or assign the contract within 60 days of the Petition Date and the lease, therefore, was deemed rejected after March 17, 2021, as provided in 11 U.S.C. § 365(d). The rejection is a breach of the lease as of the Petition Date. 11 U.S.C. § 365(g). BSI entered into an unnecessary stipulation with the trustee to enable it to make demand against GAIC's Bond. The stipulation was filed on May 11, 2021, signed by the judge on May 30, 2021, and entered on the docket on June 9, 2021. (**Exhibit A** to this Brief). Even though counsel for BSI mistakenly believed that the automatic stay prohibited Medici from making a claim or demand against the Bond, the steps of that unnecessary procedure were concluded before the Bond terminated and before the suit limitation expired.

[2] Courts in other jurisdictions have enforced 90-day contractual suit limitations. *Henderson v. Canadian Pac. R. Co.,* 258 Mass. 372, 155 N.E. 1, 2 (Mass. 1927) (upholding a ninety-day suit-limitation clause in a personal injury case); *Letourneau v. FedEx Ground Package System, Inc.,* Civil No. 03-530-B, 2004 U.S. Dist. LEXIS 6165 (D.N.H. Apr. 7, 2004) (upholding ninety-day suit-limitation clause contained in an independent contractor agreement).

## Conclusion

The Plaintiff failed to file suit within the time frame prescribed by the terms of the Bond, the terms of which were specified by BSI in the First Amendment to the Lease Agreement. The Plaintiff knew of its claim before the Bond terminated and could have filed suit within the time limitation. The terms of the Bond bar this late filed lawsuit.

For the foregoing reasons, Great American Insurance Company prays the Court dismiss Plaintiff's complaint with prejudice.

Dated: May 25, 2022

Respectfully Submitted,

**GREAT AMERICAN INSURANCE COMPANY**

/s/ T. Scott Leo
T. Scott Leo
The Law Offices of T. Scott Leo, P.C.
100 North LaSalle Street, Suite 514
Chicago, IL 60602
(312)857-0910
sleo@leolawpc.com

and

/s/ Amy E. Bentz
Amy E. Bentz
PA Bar I.D. 52691
*BENTZ LAW FIRM, P.C.*
The Washington Center Building
680 Washington Road, Suite 200
Pittsburgh, PA 15228
Tel: (412) 563-4500
Fax: (412) 563-4480
aebentz@bentzlaw.com

*Counsel for Defendant, Great American Insurance Company*