IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **B.S. INGERSOLL, LLC,** A PENNSYLVANIA LIMITED LIABILITY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>**GREAT AMERICAN INSURANCE COMPANY,** AN OHIO CORPORATION,<br><br>Defendant. | Civ No. 2:22-cv-00771 |

**PLAINTIFF, B.S. INGERSOLL, LLC'S MOTION TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT, GREAT AMERICAN INSURANCE COMPANY'S, REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

B.S. Ingersoll, LLC ("Ingersoll" or the "Plaintiff") by and through its undersigned counsel, Obermayer Rebmann Maxwell and Hippel LLP, seeks leave of Court to file a Sur-Reply (the "Sur-Reply") to the Reply (the "Reply") of Defendant Great American Insurance Company ("GAIC" or the "Defendant") in opposition to Ingersoll's Response (the "Opposition) to GAIC's Rule 12(b)(6) Motion to Dismiss (the "Motion to Dismiss"), which accompanies the instant motion.

On May 22, 2023, GAIC filed a Motion for Leave to File the Reply (the "Leave Motion"), asking the Court to permit GAIC to file the Reply. GAIC attached the Reply to the Leave Motion. Ingersoll does not oppose the Leave Motion, so long as Ingersoll is allowed to file the Sur-Reply in response to the Reply. Ingersoll asserts the Sur-Reply is necessary as the Reply misconstrues arguments made by Ingersoll in the Opposition and the contents of the Court's March 7, 2023, Order (DI #13).

The Sur-Reply asserts that in the Reply, GAIC misstates, misunderstands, and misinterprets both arguments made by Ingersoll in the Opposition and the Court's statements in

4870-6153-2776 v1

the March 7, 2023, Order. Whether done intentionally or not, Ingersoll seeks to use the Sur-Reply to correct and counter the statements made by GAIC in the Reply in order for the arguments and assertions made in the Opposition to be undisputable. Namely, that: (i) Ingersoll sufficiently alleged both waiver and estoppel; (ii) GAIC confuses alleging waiver and estoppel with proving estoppel and waiver; (iii) GAIC's waiver argument is not supported by the Order or established law, (iv) the Reply misinterprets Ingersoll's estoppel argument, and (v) GAIC admits it did not apply the proper 12(b)(6) standard and never intended to do so.

Ingersoll respectfully requests that in the event the Court allows GAIC to file the Reply, the Court also allows the filing of the attached Sur-Reply in further support of the Opposition and in further opposition to the Motion to Dismiss.

Respectfully submitted,

Dated: June 16, 2023    By:    */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Phone – (215) 665-3066
E-mail – michael.vagnoni@obermayer.com
*Attorneys for B.S. Ingersoll, LLC*

4870-6153-2776 v1