IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B.S. INGERSOLL, LLC,<br>A PENNSYLVANIA LIMITED LIABILITY<br>COMPANY<br><br>      Plaintiff,<br><br>      v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br>AN OHIO CORPORATION,<br><br>      Defendant. | Civ No. 2:22-cv-00771 |

**PLAINTIFF, B.S. INGERSOLL, LLC'S SUR-REPLY IN OPPOSITION TO
DEFENDANT, GREAT AMERICAN INSURANCE COMPANY'S,
RULE 12(b)(6) MOTION TO DISMISS**

B.S. Ingersoll, LLC ("Ingersoll" or the "Plaintiff") by and through its undersigned counsel,

Obermayer Rebmann Maxwell and Hippel LLP, hereby submits this Sur-Reply in opposition to

the Rule 12(b)(6) Motion to Dismiss (the "Motion") and Reply filed by Defendant Great American

Insurance Company ("GAIC" or the "Defendant").

I.      **STATEMENT OF THE CASE**

Ingersoll filed its initial complaint on March 2, 2022 (the "Complaint") seeking payment

on Lease Bond Number 3018734 between GAIC and Medici 1150 N. American Street LLC

("Medici") dated July 16, 2020, (the "Lease Bond"). *See* FAC ¶ 54. Thereafter, GAIC responded

by moving the Court to dismiss the Complaint, arguing that under the terms of the Lease Bond,

the Complaint had to be filed within three (3) months of the end of the term (the "Shortened

Statute") of the Lease Bond, July 16, 2021 (the "Expiration Date"). By an order dated March 7,

2023, DI #13, this Court granted GAIC's first Motion to Dismiss, without prejudice, but allowed

Ingersoll to amend the Complaint to plead facts supporting Ingersoll's argument that GAIC waived the Shortened Statute (the "Order").

Ingersoll filed its First Amended Complaint on March 27, 2023 (the "FAC"). Thereafter, GAIC filed the Motion seeking to dismiss the FAC based upon the backwards argument that when the facts and exhibits included in the FAC are viewed in the light most favorable to GAIC, the FAC fails to state a claim upon which relief can be granted. Ingersoll responded to the Motion by filing its opposition thereto on May 8, 2023 (the "Opposition")[1]. In the Opposition, Ingersoll argued that the Motion should be denied as: (i) GAIC applied the wrong standard for a motion to dismiss pursuant to Rule 12(b)(6), (ii) the Shortened Statute is ambiguous, (iii) the FAC is not barred by the Shortened Statute, (iv) GAIC waived the Shortened Statute, (v) GAIC is estopped from raising the Shortened Statute as a defense, (vi) GAIC did not terminate the Lease Bond, and (vii) GAIC did not reserve its rights and defenses in denying Ingersoll's claim on the Lease Bond.

On May 22, 2023, GAIC filed its Motion for Leave to File a Reply in Support of the Motion and its proposed Reply (the "Reply"). Ingersoll does not object to the filing of the Reply but requests that it be allowed to file the instant Sur-Reply (the "Sur-Reply").

Despite Ingersoll giving timely Notice of Medici's default and Ingersoll making numerous demands and providing proof of loss to GAIC for payment on the Lease Bond, GAIC has failed and refused to meet its obligations under the Lease Bond. All of the events necessary to trigger the Lease Bond occurred, including the Lease Agreement's rejection and the leasehold's abandonment. As such, GAIC was and is obligated to perform under the Lease Bond. GAIC had no just cause for its failure to perform under the Lease Bond. It now attempts to use this same faulty logic, inapplicable contract provisions, and its own unconscionable delay to bar Ingersoll from bringing

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Opposition.

4875-8811-5048 v6

the present suit. In the Reply, GAIC not only misstates, misunderstands, and misinterprets the arguments made by Ingersoll in the Opposition, but also egregiously and callously, admits they did not, and never intended to, apply the correct standard for a motion to dismiss pursuant to Rule 12(b)(6).

As such, Ingersoll seeks to use the Sur-Reply to point out admissions and correct and counter the statements made by GAIC in the Reply so that the arguments and assertions made in the Opposition are undisputable. Namely, that: (i) Ingersoll sufficiently alleged both waiver and estoppel; (ii) GAIC confuses alleging waiver and estoppel with proving estoppel and waiver; (iii) GAIC's waiver argument is not supported by the Order or established law, (iv) the Reply misinterprets Ingersoll's estoppel argument, and (v) GAIC admits it did not apply the proper 12(b)(6) standard and never intended to do so.

## II.     BACKGROUND

For brevity, Ingersoll relies on the "Background" section of the Opposition and incorporates the same herein. *See* Opposition at Pages 5-9.

## III.    LEGAL ARGUMENT

### A.      Ingersoll Sufficiently Alleged both Waiver and Estoppel.

GAIC's argument that the FAC fails to allege waiver and estoppel could not be further from the truth. Under the federal notice pleading standard, the FAC only needed to contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). That is, the FAC merely had to put GAIC on notice of "what the ... claim is and the grounds upon which it rests." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

While the Reply states that Ingersoll failed to "allege" waiver and estoppel, the Reply confuses alleging and proving – seemingly arguing that the FAC had to prove waiver and estoppel despite using the term "allege."[2] As discussed at length in the Opposition, as long as facts *could* support a conclusion that there was fraudulent concealment, a case must be allowed to proceed past the motion to dismiss stage to  resolve facts in dispute. *See Nesbitt v. Erie Coach Co.*, 204 A.2d 473, 477 (Pa. 1964) (emphasis added). The same is true of waiver. *See Est. of Wax v. Underwriters at Lloyd's London*, No. CV 06-73, 2006 WL 8459723, at *2 (E.D. Pa. May 4, 2006). Therefore, it is indisputable that Ingersoll only had to sufficiently plead that GAIC either waived the Shortened Statute or is estoppel from raising the Shortened Statue as a defense (or both) to survive a motion to dismiss, which Ingersoll did. For GAIC to suggest otherwise is GAIC asking the Court to completely ignore the facts pleaded on the face of the FAC.

### i.     Ingersoll sufficiently alleged waiver.

The FAC spends approximately six (6) paragraphs detailing GAIC's actions and communications after mailing the Notice that waived both the Shortened Statute and the Expiration Date. *See* FAC at ¶¶ 35, 36, 39, 40, 43, 44. To avoid any doubt, the FAC specifically alleges how GAIC's actions and communications with Ingersoll's counsel, which included GAIC repeatedly asking for more information concerning Ingersoll's claim and not denying it until after the Shortened Statute ran and the Expiration Date passed, amounted to GAIC's waiver of the Shortened Statute, any defense predicated on the Shortened Statute, and the Expiration Date by GAIC. *See id.* at ¶¶ 45-48. In at least two (2) paragraphs, Ingersoll even alleges, repeats, and summarizes its argument in support of the fact that GAIC waived the Shortened Statute in the

---

[2] In making these arguments, GAIC once again ignores the established standard for a motion to dismiss pursuant to Rule 12(b)(6) by asking the Court to view the exhibits and facts in the FAC in the light most favorable to it. Further, GAIC as the Court to make findings on the facts as pleaded, which is entirely inappropriate for a motion to dismiss.

4875-8811-5048 v6

Third Count of the FAC for Bad Faith. *See id.* at ¶¶ 94, 95. Therefore, over the course of at least twelve (12) paragraphs, the FAC undoubtedly alleges that GAIC waived the Shortened Statute and Expiration Date.

### ii.    Ingersoll sufficiently alleged estoppel.

The FAC spends approximately twenty (20) paragraphs detailing GAIC's actions and communications after mailing the Notice that constituted fraudulent inducement and alleges that, because of those actions, GAIC is estopped from raising the defense of the Shortened Statute. *See* FAC at ¶¶ 35-44. To avoid doubt, the FAC specifically alleges GAIC's actions and communications after mailing the Notice constituted fraudulent inducement and delayed Ingersoll from bringing suit on the instant matter. These actions and communications included fraudulently inducing Ingersoll to continue negotiations regarding coverage, identifying time-consuming and frivolous reasons to potentially deny coverage, and failing to deny coverage on the Lease Bond until after the Shortened Statute ran. *See* FAC at ¶¶ 45-52. In at least four (4) paragraphs, Ingersoll even alleges and summarizes its argument in support of estoppel in the Third Count of the FAC for Bad Faith. *See* FAC at ¶¶ 92-97. Therefore, the FAC undeniably alleges that, due to GAIC's fraudulent concealment, GAIC is estopped from raising the Shortened Statute and/or any defense predicated on the Shortened Statute as a defense.

### B.    GAIC's Argument in the Reply is Not Supported by the Order and Established Law on Waiver.

GAIC's argument in the Reply centers entirely around the mistaken belief that the FAC must be dismissed because Ingersoll supposedly failed to comply with the Order. GAIC seems to assert that the Order required Ingersoll to—at the pleading stage—definitively prove that GAIC waived the Shortened statute. This argument contradicts the Order, the federal court notice-pleading standard, and the established case law on waiver of a statute of limitations.

### i.     GAIC's Argument in the Reply Misstates the Order.

GAIC seems to assert that the Order mandates the dismissal of this case if Ingersoll did not plead sufficient facts in the FAC to prove that GAIC waived the Shortened Statute. *See* GAIC Reply at 1 ("[T]he Court granted leave for BSI to file an amended complaint if it could allege sufficient facts to potentially prove that GAIC waived the Bond Suit Limitation.").

With respect to amending the FAC, the Order stated only as follows:

> **Plaintiff may file within twenty (20) days of the date of this Order and amended complaint that includes any facts that it believes should be considered with respect to its position that Great American Insurance Co. waived the Lease Bond Limitations Period.**

*See* the Order. DI #13. The Order only provided for dismissal if Ingersoll failed to timely file the FAC. This did not occur as Ingersoll timely filed the FAC – there is no question as to that fact.

### ii.    GAIC's Argument in the Reply Contradicts Established Case Law on Waiver.

GAIC's argument not only goes against the Order but also against the notice pleading standard of the Court and established case law on waiver of a statute of limitations. On a motion to dismiss, a complaint cannot be dismissed where there are factual disputes as to the applicability of a statute of limitations, and a plaintiff may be able to prove that a defendant waived a statute of limitations. *Est. of Wax*, 2006 WL 8459723, at *2; *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999); *Com. v. Transamerican Ins. Co.*, 462 Pa. 268, 341 A.2d 74, 76 (Pa.1975).

*Est. of Wax v. Underwriters at Lloyd's London* involved the allegation that a surety waived a statute of limitations where it failed to make a formal determination on a claim and continued to request information from the plaintiff. *Est. of Wax*, 2006 WL 8459723, at *2. There, in deciding a motion to dismiss, a Court in this District held:

4875-8811-5048 v6

> **at [the motion to dismiss] stage, the Court will not dismiss any**
> **of the plaintiff's claims due to the contractual limitations period.**
> **Accepting the allegations in the complaint as true and giving the**
> **plaintiff all reasonable inferences, the plaintiff may be able to**
> **prove that the defendants waived or extended the contractual**
> **limitations period by failing to make a formal determination of**
> **the plaintiff's claim and continuing to make requests of the**
> **plaintiff's estate.**

*See id.* The court made clear that the issue of waiver of a statute of limitations cannot ultimately

be decided on a motion to dismiss where, as here, a complaint alleges facts related to waiver or

tolling of the limitations period.

Clearly, whether a statute of limitations was waived cannot be decided on a motion to

dismiss, as waiver must only be pleaded, not proven, to survive a motion to dismiss. Therefore,

GAIC's argument that the FAC should be dismissed due to its failure to prove waiver fails under

established case law, and the Motion must be denied.

### C.      The Reply Misconstrues Ingersoll's Estoppel Argument

GAIC spends the bulk of the Reply arguing that Ingersoll failed to allege estoppel;

however, GAIC's argument in support of this assertion once again confuses alleging and proving.

Further, in making its argument, GAIC misconstrues Ingersoll's Estoppel Argument and the very

case law it cites.

The Reply argues against and relies on case law dealing with estoppel based on equitable

tolling. In contrast, the Opposition argues for estoppel based on fraudulent concealment, two (2)

similar yet different theories. Nonetheless, the case law that GAIC relies on here is inapplicable

and, to the extent it is applicable, actually supports the argument made by Ingersoll in the

Opposition. The first case, GAIC relies on *Oshiver v. Levin, Fishbein, Sedron & Berman*, 38 F.

3rd 1380 (3rd Cir. 1994) which was overruled. *Rotkiske v. Klemm*, 890 F.3d 422, 427-28 (3d Cir.

2018).

7

The second, *U.S. ex rel. Liberty Mech. Servs., Inc. v. N. Am. Specialty Ins. Co.*, 2 F. Supp. 3d 610 (E.D. Pa. 2014), is still good law but does not apply to the present case, as it deals specifically with a violation of the Miller Act. *See U.S. ex rel. Liberty Mech. Servs., Inc. v. N. Am. Specialty Ins. Co.*, 2 F. Supp. 3d 610 (E.D. Pa. 2014). Even if it applied more broadly to claims not involving the Miller Act, *Liberty Mech. Services* actually supports the denial of the Motion, as it acknowledges that estoppel is not for determination on a motion to dismiss: "[B]ecause the question [of] whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." *See id.* 619-20 (citing *In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 301–02 (3d Cir. 2010).

GAIC's argument that the FAC did not sufficiently allege estoppel is flawed on numerous levels and completely ignores the fact that the FAC undoubtedly alleges estoppel. Therefore, the Motion must be denied.

### D.     GAIC Admits it Did Not Apply the Proper 12(b)(6) Standard and Never Intended to Do So.

Throughout the Opposition, Ingersoll stresses that the Motion argues and applies an entirely incorrect and made-up standard for a motion to dismiss pursuant to Rule 12(b)(6). Despite this, GAIC fails to address their use of the incorrect standard in the Reply.

Instead, GAIC doubles down on its baseless argument that the exhibits and facts in the FAC should be viewed in the light most favorable to GAIC rather than to Ingersoll as the non-moving party. No additional arguments or case law is asserted in support of this argument as GAIC repeats the same exact argument it did in the Motion. Indeed, the Reply does not even attempt to counter or argue against Ingersoll's argument that the Motion applied the wrong standard for a motion to dismiss pursuant to Rule 12(b)(6).

4875-8811-5048 v6

Nevertheless, GAIC relies upon this incorrect standard throughout the Reply. GAIC relies explicitly on this standard when arguing that the FAC fails to prove GAIC waived the Shortened Statute. As discussed in more detail above, this argument blatantly applies the wrong standard for a motion to dismiss pursuant to Rule 12(b)(6). *See Est. of Wax v. Underwriters at Lloyd's London*, No. CV 06-73, 2006 WL 8459723, at *2 (E.D. Pa. May 4, 2006); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Such failure and silence are an admission by GAIC both that it did not, and never intended to, apply the proper standard for a motion to dismiss pursuant to Rule 12(b)(6) and that it has no legally supported reason as to why the FAC should be dismissed. Therefore, the Motion should be denied.

## IV.    CONCLUSION

For the reasons set forth above, the Motion should be denied in its entirety.

Respectfully submitted,

Dated: June 16, 2023            By:     */s/ Michael D. Vagnoni*
                                         Michael D. Vagnoni, Esquire
                                         OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                         Centre Square West
                                         1500 Market Street, Suite 3400
                                         Philadelphia, PA 19102
                                         Phone – (215) 665-3066
                                         E-mail – michael.vagnoni@obermayer.com
                                         *Attorneys for B.S. Ingersoll, LLC*

4875-8811-5048 v6